## Case No. 17,919.

### WITHROW v. FOWLER.

[7 N. B. R. 339; 6 Alb. Law J. 422; Pac. Law Rep. 102.] [1]

District Court, E. D. Missouri. Nov. 7, 1872.

BANKRUPTCY—ASSIGNEE OF PARTNERS—RECOVERY OF FIRM PROPERTY.

An insolvent firm made a transfer to a creditor in fraud of the provisions of the bankrupt act [of 1867 (14 Stat. 517)]. One of the partners died, and, within four months of the date of the transfer, the remaining partners, but not the firm, were adjudged bankrupt. Held, that the assignee could not recover the property transferred by the partnership to a partnership-creditor, by way of a preference or otherwise.

The plaintiff in this suit [James E. Withrow] sought to recover, as assignee of Thomas S. Dunbar and Edward T. Smith, bankrupts, $512.32, the value of certain accounts and claims alleged to have been transferred by the bankrupts to the defendant [M. K. Fowler] within four months of the filing of the petition in bankruptcy against Dunbar and Smith, they being at the time insolvent, and the defendant having, at the date of the transfer, reasonable cause to believe them insolvent, and that the transfer was made in fraud of the provisions of the bankrupt act. Defendant in his answer denied all the material averments of the petition. The case went to trial before a jury. It appeared that Dunbar and Smith, the bankrupts, were members of the firm of Dunbar, Smith & Co., composed of themselves and George W. Thompson. Defendant was a creditor of the firm, and the transfer of the accounts and claims mentioned in the petition was made by the firm to the defendant, in satisfaction of a debt due him by the firm. Between the time of the transfer and the commencement of proceedings in bankruptcy, Thompson, one of the members of the firm, died. Dunbar and Smith, the remaining members, were thereafter adjudged bankrupts upon a creditor's petition, but the firm of Dunbar, Smith & Co. was not declared bankrupt. Plaintiff was then elected assignee, and the usual assignment was made conveying to him all the estate of Dunbar and Smith. Defendant's counsel raised the point that the assignee in bankruptcy of two members of a firm could not recover a preference given to a firm creditor by a firm composed of three members.

Krum & Patrick, for plaintiff.

Dryden & Dryden, for defendant.

THE COURT (TREAT, District Judge) sustained the point and charged the jury as follows: "The jury are instructed that the plaintiff cannot recover in this action for any property or accounts transferred or assigned by the copartnership of Dunbar, Smith

[1] [Reprinted from 7 N. B. R. 339, by permission. 6 Alb. Law J. 422, contains only a partial report.]

& Co., to a creditor of said copartnership, by way of preference or otherwise."

The jury returned a verdict for defendant.